**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN M. CARNES, ) | No. CV-08-1846-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| TONY CAMPOS; et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are the Motions to Dismiss the First Amended Complaint of Defendant Tim Long (Dkt. # 25) and Defendants Sonier and Tom Sheahan (Dkt. # 26). Defendants Ron Walker, Tom Sockwell, Pete Byers, Buster Johnson, Mohave County, Oskins, Cunningham, and Salvino joined in Defendants Sonier and Sheahan's Motion. (Dkt. # 37.) For the reasons set forth below, the Court grants Defendants' motions to dismiss and grants Plaintiff leave to replead.

**BACKGROUND**

On November 21, 2008, Plaintiff John Carnes filed his First Amended Complaint ("FAC") asserting that all Defendants "targeted Plaintiff without probable cause and these defendants meant by their actions to impact Plaintiff deleteriously and to rub his civil rights into the dirt; and to damage him psychologically." (Dkt. # 7 at 4.) Plaintiff's FAC, however, consists of only three pages of amorphous factual and legal allegations against sixteen identifiable defendants and an indeterminate number of unidentifiable defendants. Indeed,

the factual basis underlying the FAC is entirely missing, as few facts are even discernable upon the face of the Complaint. Only one of the defendants – Cunningham – is even mentioned by name in the FAC. (*See id.* at 3 ("Cunningham threatened Plaintiff more than once with severe abuse without cause. Cunningham, a large man, meant what he said to the Plaintiff.").)

Nevertheless, Plaintiff attempts to assert twenty-two claims against all named defendants. (*See id.* at 1.) Among the claims asserted are allegations that Defendants violated various provisions of the Constitution and federal law, including the right to privacy, the right to equal protection, the right to "life, liberty, freedom, [and] the use of property," and the right to be free of coercive activities. (*Id.*) Plaintiff also asserts state law claims of false imprisonment, intentional infliction of emotional distress, conspiracy, and fraud. (*Id.*) Plaintiff appears to allege that each of the defendants undertook the same wrongful conduct with respect to all twenty-two claims.

Eleven of the defendants now move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), collectively arguing that dismissal is warranted due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8, 9, and 10.

## DISCUSSION

### I.  Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6)

To survive a dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974).

1 Similarly, although "a complaint need not contain detailed factual allegations," *Clemens*, 534 F.3d at 1022, the Court will not assume that the plaintiff can prove facts different from those alleged in the complaint, *see Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must, at a minimum, satisfy the pleading requirements of Rule 8. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to set forth a "short and plain statement" of the claim showing that the plaintiff is entitled to relief and *giving the defendant fair notice of what the claim is and the ground upon which it rests*. *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Porter*, 319 F.3d at 494; *see also Twombly*, 127 S. Ct. at 1965 (holding that a pleading must contain factual allegations sufficient to "raise the right of relief above the speculative level."). Under Rule 8(a)(3), a plaintiff must include "a demand for the relief sought." Additionally, under Rule 8(d), "each allegation must be simple, concise and direct." *See also* Fed. R. Civ. P. 10(b) (requiring "[a] party [to] state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

Defendants argue that the FAC "fails to provide sufficient notice of the claims upon which Plaintiff seeks relief, from whom that relief is sought, and which facts apply to which claims or Defendants" and "is a generally unfocused and rambling assembly of facts, and disconnected legal theories, without any real specification of the claims asserted against each of the Defendants or the facts supporting a general violation of the elements of such claims." (Dkt. # 26 at 2.) Defendants characterize the FAC as "vague," "lacking in specificity," and "conclusory." (Dkt. # 26 at 3)

After careful review of the FAC, the Court finds that the FAC falls far short of satisfying the requirements of Rules 8 and 10. The FAC does not "put defendants fairly on notice of the claims against them" sufficient to survive a Rule 12(b)(6) motion to dismiss. Plaintiff does not provide a "short and plain statement" for each claim nor does he include a demand for relief. Rather, the FAC is amorphous and conclusory and fails to present the necessary facts in an understandable context.

While Plaintiff lists numerous alleged federal and state claims, Plaintiff fails to set forth factual allegations sufficient to support the elements of those claims at the pleading stage. Indeed, Plaintiff only refers by name to one of the sixteen identifiable defendants in the FAC, and even this reference is insufficient to put the referenced defendant fairly on notice of the claims against him. The FAC simply does not plead "enough facts to state a claim to relief that is plausible on its face." *Clemens*, 534 F.3d at 1022.

Additionally, as a complaint must give defendants fair notice of what a plaintiff's claims are and the grounds upon which they rest, collective allegations are improper. Defendants cannot decipher which claims in the FAC are reasonably asserted against each defendant. The FAC and Plaintiff's responses to Defendants' motions make clear that not all Defendants are responsible for the same wrongful conduct. Aggregation of all Defendants also violates Rule 10(b)'s mandate that "[a] party state its claims . . . in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*." (Emphasis added).

## II.   Federal Rule of Civil Procedure 9(b) – Allegations of Fraud

Where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires the "party [to] state with particularity the circumstances constituting fraud or mistake," including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."

*Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charge so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

Here, despite including allegations of fraud in the FAC, Plaintiff failed to allege with any specificity the factual basis underlying the alleged fraud. Consequently, the Complaint fails to state any valid claim for fraud.

Because the FAC fails in several regards to satisfy the pleading requirements of Federal Rules of Civil Procedure 8, 9, and 10, it is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

**III.   Leave to Amend**

The Court is not compelled to grant Plaintiff leave to amend if an amendment would be futile. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). On March 23, 2009, Plaintiff informed the Court that he is seeking to retain counsel in the matter. (Dkt. # 41.) Although it is unclear whether Plaintiff can cure the deficiencies in the FAC, even with counsel, the Court will nevertheless grant Plaintiff another opportunity to replead his claims.[2]

To be clear, should Plaintiff elect to replead, Plaintiff MUST:

---

[1] Although several of the other defendants did not file or join in a motion to dismiss, the FAC is nevertheless also dismissed against these nonmoving defendants as they are in a position similar to that of the moving defendants. *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to the defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008).

[2] On March 23, 2009, Plaintiff filed a motion for an extension of time to allow him to retain and "visit more with [his] attorney." (Dkt. # 42 at 2.) Because the Court is granting Plaintiff until April 24, 2009, to file an amended pleading, the motion for an extension of time is denied as moot.

- 5 -

(1) present all allegations in short, plain statements with each claim for relief identified in separate numbered paragraphs and sections, each limited as far as practicable to a single set of circumstances;

(2) specifically allege each legal right Plaintiff believes was violated, the specific defendant(s) who violated the right, a sufficient factual context under *Twombly* to give the defendant notice of what conduct or omission gives rise to the violation (including how the defendant's conduct or omission is connected to the violation of Plaintiff's rights), and the specific injury Plaintiff suffered because of that defendant's conduct or omission;

(3) pursuant to Federal Rule of Civil Procedure 9, plead allegations of fraud with specificity, including the time, place, and specific conduct of EACH defendant accused of fraud;

(4) otherwise cure the deficiencies noted in this Order.

If Plaintiff elects to file an amended complaint and fails to comply with the provisions of this Order, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal with prejudice of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and which failed to comply with Rule 8); *Nevijel v. North Coat Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of an amended complaint that was "equally verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal with prejudice of an amended complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

**IV.  Notice of Claim**

In addition to the arguments supporting dismissal already addressed by the Court, Defendants assert that "as to Plaintiff's thirteen-or-so state law claims, Plaintiff has failed to allege the underlying, timely served and properly constructed, A.R.S. § 12-821.01 notice of

1    claim which is a necessary prerequisite to the bringing of state law claims against public
2    entities and/or public officials." (Dkt. # 26 at 3.)

3         The notice of claims statute provides that all persons having a claim against a public
4    entity or public employee must provide notice of that claim within 180 days after the cause
5    of action accrues. Ariz. Rev. Stat. § 12-821.01(A). "The claim shall contain facts sufficient
6    to permit the public entity or public employee to understand the basis upon which liability
7    is claimed. The claim shall also contain a specific amount for which the claim can be settled
8    and the facts supporting that amount." *Id.* If the claimant fails to timely file a proper notice
9    of claims, the action is barred. *See id.*

10        It is impossible to determine from the FAC whether Plaintiff asserts state law claims
11   against public entities or public employees. Therefore, should Plaintiff elect to file a second
12   amended complaint asserting state law claims against public entities or employees, Plaintiff
13   must allege compliance with A.R.S. § 12-821.01 and attach the notice of claim that was filed
14   with each public entity or public employee against whom Plaintiff asserts state law claims.
15   If Plaintiff has failed to comply with the requirements of A.R.S. § 12-821.01, and is now
16   unable to do so, Plaintiff may not assert state law claims against any public entities or public
17   employees. Therefore,

18        **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (Dkt. ## 25, 26)
19   are **GRANTED**.

20        **IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint (Dkt. # 7)
21   is dismissed for failure to comply with Federal Rules of Civil Procedure 8, 9, and 10.

22        **IT IS FURTHER ORDERED** that, no later than April 30, 2009, Plaintiff shall file
23   and serve: (1) a second amended complaint in compliance with this Order; or (2) a statement
24   that he abandons his claims. Should Plaintiff elect not to file a second amended complaint,
25   the Clerk of the Court is directed to terminate this matter without further order of the Court.

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time (Dkt.
2 # 42) is **DENIED AS MOOT**.
3    DATED this 26th day of March, 2009.

*signature*

G. Murray Snow
United States District Judge

- 8 -