IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN M. CARNES,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICERS SALVINO, OSKINS, and SONIER, Officers of the Mohave County Sheriff's Department; MOHAVE COUNTY, an Arizona municipal corporation,<br><br>    Defendants. | No. CV-08-1846-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Partial Motion to Dismiss of Defendants Salvino, Oskins, Sonier, and Mohave County. (Dkt. # 49.) For the following reasons, the Court grants the motion in part and denies the motion in part.

**BACKGROUND**

Plaintiff John Carnes is an Arizona resident who owned an RV/motorhome that was allegedly parked in Fort Mohave, Arizona, on October 31, 2006. During all times relevant to this action, Defendants Salvino, Oskins, and Sonier were employed by Mohave County as officers for the Mohave County Sheriff's Department ("MCSD").

Plaintiff alleges that on October 31, 2006, he observed Defendants Salvino, Oskins, and Sonier "in their capacities as officers of the Mohave County Sheriff's Department,

attempting to physically gain entry into his parked RV/motorhome in Fort Mohave, Arizona." (Dkt. # 47 ¶¶ 15, 17.) Upon approaching the officers to inquire why they were attempting to enter his motorhome, the officers allegedly "refused to explain . . . why [they] were trying to enter his home," "physically assaulted and restrained" him, and arrested him "in the absence of a warrant or probable cause." (*Id.* ¶¶ 16-21.) Plaintiff also alleges that the officers then "entered and searched [his] home, also in the absence of a warrant or probable cause." (*Id.* ¶ 22.) In his Amended Complaint, Plaintiff alleges that "pursuant to official policy or custom and practice, Mohave County . . . failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants Salvino, Oskins and Sonier in the performance of their duties" (*Id.* ¶ 36), and that each of the officers were "acting pursuant to either official policy, or the custom, practice and usage of the Mohave County Sheriff's Department" (*Id.* ¶¶ 3, 6, 9).

On or about April 22, 2007, Plaintiff sent his notice of claim letter via certified mail to the address for the County of Mohave and addressed it as follows:

> Public Servants All:
> R. Walker, P. Byers,
> B. Johnson, T. Sockwell,
> Et. Al. Mohave County, AZ
> 700 W. Beale St.
> Kingman, AZ 86401

(Dkt. # 48 at 3.) The letterhead was addressed similarly. (*Id.*) In his letter, Plaintiff stated that his constitutional rights had been violated by, among others, three unnamed officers of the MCSD. (*Id.* at 2.) Plaintiff also outlined the facts underlying his claims, stating that: (1) "[a]t approximately Noon Time on October 31, 2006 . . . [Plaintiff] saw three public servants breaking into his home"; (2) when he approached them, one of the officers became "very angry and out of control" and "got right into [Plaintiff's] face"; (3) the officers refused to explain "what they were up to in this break-in"; and (4) the officers were then "all over him pushing him around, brow-beating and abusing him." (*Id.* at 1.) The letter then stated that, since these events, Plaintiff suffers "almost daily severe panic attacks and a constant inability to sleep through the night." (*Id.* at 2.) Plaintiff further explained that "[n]o amount of money

is equal to the value that Mr. Carnes places on his freedoms, and especially freedom from . . . brutal, despicable, unforgivable behavior." (*Id.*) Plaintiff then demanded $50,000,000 in damages to settle his claims. (*Id.*)

On May 1, 2009, Plaintiff filed his Amended Complaint, alleging federal claims for violation of his Fourth and Fourteenth Amendment rights and a state-law negligence claim. (Dkt. # 47 ¶¶ 13, 23-43.) On May 19, 2009, Defendants filed their motion seeking dismissal of the negligence claim and seeking dismissal of Mohave County from all other claims.[1] (Dkt. # 49.)

## DISCUSSION

### I. Notice of Claim

Defendants move to dismiss Plaintiff's state-law negligence claim for failure to comply with Arizona's notice of claim statute, Arizona Revised Statutes section 12-821.01. (Dkt. # 49 at 2-5.) The notice of claim statute:

> permits an action against a public entity to proceed only if a claimant files a notice of claim that includes (1) facts sufficient to permit the public entity to understand the basis upon which liability is claimed, (2) a specific amount for which the claim can be settled, and (3) the facts supporting the amount claimed.

*Backus v. State*, 220 Ariz. 101, 104, 203 P.3d 499, 502 (2009). Defendants argue that Plaintiff's notice of claim letter, which was filed as an attachment to Plaintiff's Amended Complaint, is deficient because it fails to state the facts which support the amount claimed

---

[1] On July 29, 2009, Plaintiff filed his Response to Defendants' motion. (Dkt. # 55.) In his Response, Plaintiff fails to address any of the specific arguments made in Defendants' motion. Rather, Plaintiff argues only that his Amended Complaint complies with Federal Rules of Civil Procedure 8 and 11. Thus, under the local rules, the Court is entitled to treat Plaintiff's failure to respond as waiver of the issues and consent to Defendants' arguments. *See* LRCiv 7.2(i), (b), (c). In its discretion, however, the Court will evaluate the merits of Defendants' challenge. *See* LRCiv 7.2(i) ("[N]on-compliance *may* be deemed a consent to the denial or granting of the motion[.]") (emphasis added).

This Court recommends that Plaintiff retain an attorney. Because it appears from the pleadings and motions on file that Plaintiff may not fully appreciate the nature of his claims, the requirements of the procedural rules, and how the two interact, the Court recommends that Plaintiff retain an attorney to represent him in this matter.

- 3 -

1 and because the notice of claim was not directed to Defendants Salvino, Oskins, and Sonier.
2 (Dkt. # 49 at 3, 5.)

### A. Facts Supporting the Amount Claimed

Plaintiff's notice of claim letter provides sufficient facts to support the amount demanded. Earlier this year, the Arizona Supreme Court clarified the "facts supporting the amount claimed" requirement of section 12-821.01 in *Backus*. 220 Ariz. at 105-07, 203 P.3d at 503-05. The court explicitly concluded that "a claimant complies with the supporting-facts requirement . . . by providing the factual foundation that the claimant regards as adequate to permit the public entity to evaluate the specific amount claimed." *Id.* at 107, 203 P.3d at 505. The court cautioned that "courts should not scrutinize the claimant's description of facts to determine the 'sufficiency' of the factual disclosure," explaining that this standard "does not require a claimant to provide an exhaustive list of facts; as long as a claimant provides facts to support the amount claimed." *Id.*

Shortly after the supreme court issued its opinion in *Backus*, the Arizona Court of Appeals rejected an argument that *Backus* "essentially eliminated . . . any requirement that a claimant provide 'facts supporting the amount' claimed." *Beynon v. Trezza*, --- Ariz. ---, --- P.3d ---, 2009 WL 975995, ¶¶ 13-15 (Ct. App. 2009). The court re-emphasized the rule announced in *Backus*, concluding that a claimant must "at least furnish *some* facts to support the amount claimed." *Id.* ¶¶ 14-15. Based upon this interpretation, the court found that the notice of claim letter in that case was deficient "inasmuch as it provide[d] absolutely no facts supporting the amount demanded therein" and because "Beynon did not describe his injury at all or even claim to be injured." *Id.* ¶ 16.

Here, unlike the deficient notice of claim letter at issue in *Beynon*, the notice of claim letter prepared by Plaintiff does satisfy the *Backus* standard because Plaintiff claims to have been injured, describes the conduct giving rise to his injury, and (despite Defendants' contention otherwise) includes some facts supporting the amount of his demand. Specifically, Plaintiff stated that the amount requested was based on the allegedly "very severe, brutal treatment" he received at the hands of, among others, three officers of the

- 4 -

MCSD. (Dkt. # 48 at 2.) This treatment included allegations that the officers broke into Plaintiff's home, assaulted him, and possibly arrested and detained him. (*Id.* at 1.) In addition to describing the conduct underlying his claims, Plaintiff described the intangible psychological and emotional injuries that allegedly resulted from the events of October 31, 2006 – injuries to which it would be difficult to assign a damage amount. (*Id.* at 2.) Finally, Plaintiff explained his reasoning in demanding $50,000,000 in damages, stating that "[n]o amount of money is equal to the value that [he] places on his freedoms." (*Id.*) Plaintiff's notice of claim thus provided a "factual foundation that the claimant regards as adequate to permit the public entity to evaluate the specific amount claimed." *Backus*, 220 Ariz. at 107, 203 P.3d at 505. Indeed, it appears, based on the facts and reasoning presented in the letter, that Defendants have concluded that Plaintiff's demand is "quite extreme, exaggerated, and unrealistic." (Dkt. # 49 at 4.) The Arizona Supreme Court in *Backus* clearly held that the notice of claim statute "does not require a claimant to set out facts *sufficient to support* the amount claimed," but only *sufficient to permit* Defendants to evaluate liability. *Backus*, 220 Ariz. at 106, 203 P.3d at 504 (emphasis added). Therefore, while Defendants may believe that the facts presented are insufficient to support a $50,000,000 damage request, the statute does not impose such a stringent requirement on Plaintiff, and this Court need not "scrutinize the claimant's description of facts to determine the sufficiency of the factual disclosure." *Id.* at 107, 203 P.3d at 505.

Because the notice of claim letter contained a specific amount for which the claim could be settled and some facts supporting that amount, Defendants' motion to dismiss Plaintiff's state-law negligence claim on this basis is denied.

**B. Sufficiency of Notice to Defendants Salvino, Oskins, and Sonier**

Defendants also argue that the state-law negligence claim must be dismissed as to Defendants Salvino, Oskins, and Sonier because the notice of claim was not directed to these individuals. (Dkt. # 49 at 5.) While it appears that Plaintiff did not address or send his notice of claim to Defendants Salvino, Oskins, and Sonier, it also appears that Plaintiff has not asserted his negligence claim against these individual defendants. In his Amended

1 Complaint, Plaintiff claims only that "Mohave County breached its duty of reasonable care owed to plaintiff and was negligent in hiring, training, supervising and/or retaining defendants Salvion [sic], Oskins, and Sonier" and that "[a]s a result of Mohave County's negligence[,] Plaintiff suffered injuries and damages." (Dkt. #47 ¶ 41-42.) Because Plaintiff has not asserted a negligence claim against the individual officers, the Court need not evaluate whether Plaintiff failed to comply with the notice of claim statute in failing to direct his letter to the individual defendants.

To the extent that Plaintiff's negligence claim could be construed as a claim against the individual officers, the claim is dismissed. "When a person asserts claims against a public entity and public employee, the person 'must give notice of the claim to both the employee individually and to his employer.'" *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351, 160 P.3d 223, 230 (Ct. App. 2007) (quoting *Crum v. Sup. Ct.*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (Ct. App. 1996)). "Compliance with the notice provision of § 12-821.01(A) is a mandatory and essential prerequisite to such an action . . . ." *Id.* "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of [the statute]." *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (Ct. App. 2006).

Here, Plaintiff's notice of claim was not addressed to the individual defendants, was not sent to the individual defendants, and in fact did not even mention their names in the body of the letter. Thus, because Plaintiff did not give sufficient notice of his claims to the individual defendants, he cannot plead a state-law negligence claim against them. To the extent that he has, it is dismissed.

## II. Municipal Liability

Defendants argue that Plaintiff's Amended Complaint fails to properly state a § 1983 claim against Defendant Mohave County because "Plaintiff fails to allege a specific unconstitutional policy that was maintained upon which . . . liability may be premised" and because "there was no final policy-making official who is alleged to have been involved in the subject decision." (Dkt. # 49 at 6.)

Liability under § 1983 cannot be premised on a respondeat superior theory. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, a municipality or other local government entity may be sued for constitutional torts committed by its officials according to an official policy, practice, or custom. *Id.* at 690-91. A litigant can establish a *Monell* claim in one of three ways:

> (1) by showing a longstanding practice or custom which constitutes the standard procedure of the local governmental entity; (2) by showing that the decision-making official was, as a matter of state law, a final policy-making authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 (1986).

In his Amended Complaint, Plaintiff alleges that "pursuant to official policy or custom and practice, Mohave County . . . failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants Salvino, Oskins and Sonier in the performance of their duties" (Dkt. # 47 ¶ 36), and that Defendants Salvino, Oskins, and Sonier were "acting pursuant to either official policy, or the custom, practice and usage of the Mohave County Sheriff's Department" (*Id.* ¶¶ 3, 6, 9). Apparently, Defendants contend that these allegations are insufficient to support municipal liability because Plaintiff did not identify a "specific" policy. (Dkt. # 49 at 6.)

"In [the Ninth Circuit], a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 682-83 (9th Cir. 2001); *Peschel v. City of Missoula*, No. CV 08-79-M-JCL, 2009 WL 902438, at *4 (D. Mont. Mar. 27, 2009) (citing multiple Ninth Circuit district court cases that have applied the "bare allegations" standard post-*Twombly*).

1   Here, Plaintiff alleges more than "bare allegations" that the officers' conduct "conformed to an official policy, custom, or practice." *Whitaker*, 486 F.3d at 581. Plaintiff alleges that the County had a policy, custom, or practice of failing to instruct, supervise, and control its officers, and that these failures happened on a "continuing basis." (Dkt. # 47 ¶ 36.) Plaintiff also alleges that these policies or practices amounted to a failure "to prevent or aid in preventing" the alleged wrongs to Plaintiff and that the County acted "intentionally, knowingly, or with deliberate indifference to the rights of others." (*Id.* ¶ 37.)

Of course, to prevail on this claim, Plaintiff will have to prove that such a policy, custom, or practice in fact existed, and that the policy, custom, or practice led to the deprivation of his constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Lee*, 250 F.3d at 681. While Plaintiff's allegations may prove to be unsubstantiated, his allegations are sufficient to survive Mohave County's motion to dismiss. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993) (stating that because only notice pleading is required, litigants must rely on discovery and summary judgment "to weed out unmeritorious claims sooner rather than later").

**CONCLUSION**

Because Plaintiff's notice of claim letter contained a specific amount for which the claim could be settled and some facts supporting that amount, Defendants' motion to dismiss Plaintiff's negligence claim on this basis is denied. To the extent that Plaintiff has pled his negligence claim against Defendants Salvino, Oskins, and Sonier, it is dismissed because Plaintiff failed to notify these defendants of his claims against them. Finally, because Plaintiff's Amended Complaint does sufficiently allege a custom, practice, or policy of Mohave County that caused a constitutional deprivation to Plaintiff, Defendants' motion to dismiss Mohave County is denied.

**IT IS THEREFORE ORDERED** that the Partial Motion to Dismiss of Defendants Mohave County, Salvino, Oskins, and Sonier (Dkt. # 49) is **GRANTED IN PART** and **DENIED IN PART**.

/ / /

**IT IS FURTHER ORDERED** directing Defendants to file their Answer(s) to Plaintiff's Second Amended Complaint (Dkt. # 47) **within ten (10) days** from the date of this Order.

DATED this 17th day of August, 2009.

G. Murray Snow
United States District Judge