**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| John M. Carnes,<br><br>  Plaintiff,<br><br>vs.<br><br>Officers Salvino, Oskins, and Sonier, Officers of the Mohave County Sheriff's Department; Mohave County, an Arizona Municipal Corporation,<br><br>  Defendants. | No. 08-1846-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Prosecution and Request for Sanctions (Dkt. # 77). For the reasons stated below the Motion will be granted and the Plaintiff's complaint will be dismissed without prejudice.

As has been set forth in Defendants' Motion, and is confirmed by a review of the docket, Plaintiff has completely failed to participate in the orderly disposition of his own complaint. Plaintiff has not filed an initial disclosure statement, he did not participate in drafting a joint case management report, nor did he appear at the case management conference. Plaintiff has not responded to interrogatories drafted by the Defendants, and Plaintiff also failed to appear for his deposition as noticed by the Defendants. Plaintiff has, however, asked for extensions of time to accomplish service and has further requested a stay of the ongoing litigation until Plaintiff felt himself to be in better physical and mental

condition. Although Plaintiff did receive extensions and the ability to proceed in forma pauperis, Plaintiff was not granted a stay in this matter pending his restoration to better health. He filed an interlocutory appeal on this denial, and that appeal was dismissed by the Ninth Circuit Court of Appeals in a February disposition.

Other than filing requests that the Court oblige the Defendants to make him better settlement offers, the Plaintiff has not otherwise participated in this litigation. The time set forth for discovery in the Case Management Order has now passed. In short, Defendant's order requesting a dismissal of Plaintiff's claims due to Plaintiff's failure to appropriately participate in this action is well taken.

Before dismissing an action as a sanction for failure to comply with the rules, the Court must consider five separate factors: 1) the public's interest in expeditious resolution of litigation ; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring the disposition of cases on their merits; and 5) the availability of less drastic sanctions. *In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994).

While Plaintiff obviously feels that he has legitimate claims against the Defendants, he has done nothing to allow them to fairly discover the version of the facts on which he bases his claims. Similarly Plaintiff has done nothing to discover or learn the basis of the Defenses raised by those against whom he has made his claims. The legal system requires that all parties to a lawsuit provide their opponents with a fair opportunity to discover the facts on which they base their claims or defenses. It has set up certain procedures to allow both sides to discover this information. It is true that Plaintiff is under no obligation to conduct discovery with respect to his opponents' defenses, but he has also completely failed to follow the procedures in allowing the Defendants to discover the facts on which he bases his claims against them until after the discovery deadline in this action has passed. Thus, factors one through three all favor dismissal of Plaintiff's claims. Factor four, which favors resolving actions on their merits, cannot outweigh all of the other factors in cases similar to the one here, where Plaintiff has complied with absolutely none of his discovery obligations.

With respect to factor five, the Court may, in circumstances such as this, impose a

1 dismissal without prejudice to the reassertion of Plaintiff's claims.  Such a dismissal, being
2 less drastic than a dismissal with prejudice, is therefore a less drastic alternative that still
3 provides a just sanction.  Therefore,

4     **IT IS HEREBY ORDERED** granting Defendants' Motion (Dkt. # 77), to the extent
5 that it requests dismissal of Plaintiff's claims without prejudice.  It denies the balance of
6 Defendants' request for sanctions.

7     **IT IS FURTHER ORDERED** that Plaintiff's Motion for An Order of Reasonable
8 Offer to Settle Upon Defendants (Dkt. # 81) is denied as moot.

9     **IT IS FURTHER ORDERED** directing the Clerk of the Court terminate this matter.

10     DATED this 10th day of May, 2010.

*[Signature: H. Murray Snow]*

G. Murray Snow
United States District Judge